## Warren and Forest Counties Support Proceedings

*William R. Mervine* of *Mervine & Calderwood*, for Warren County.

WOLFE, P. J., January 18, 1971.—This is an opinion by the court sua sponte concerning the issue of a

charge levied by the county against one, hereinafter called the obligor, who has a duty to support a dependent child or wife or other persons, hereinafter called the obligee.

The Pennsylvania Civil Procedure Support Law of July 13, 1953, P. L. 431, sec. 1, et seq., 62 PS §2043.31, requires in every judicial district a Domestic Relations Division for the purpose of keeping a full and complete record of all support proceedings, which shall process all complaints received from an initiating county or from an initiating State which has adopted the Uniform Reciprocal Enforcement of Support Act.

This act, as well as the Uniform Reciprocal Enforcement of Support Act of May 10, 1951, P. L. 279, sec. 1, et seq., as amended 62 PS §2043.1, requires a probation officer to be in charge of the Domestic Relations Division for the purpose of processing the complaints filed and making effective the orders of support entered. The act requires this officer to keep an account of all orders made by the court and a record of all payments made thereunder.

The act makes no specific or direct provision to charge the obligor a nominal amount for the processing of the obligor's support checks to the obligee. The act is likewise silent on imposing the entire cost upon the judicial district.

The issue is therefore, may the judicial district direct the obligor to pay a nominal amount to process or aid in defraying the expense of the processing the obligor's payments?

In this court's opinion, we think the answer should be in the affirmative.

Section 14 of The Pennsylvania Civil Procedural Support Law 62 PS §2043.44, states, inter alia:

"The court of an initiating or responding county may, in its discretion, direct that any part of or all

fees and costs incurred, *including without limitation, by enumeration,* fees for filing service of process, seizure of property and stenographic service, shall be paid by the parties or shall be borne by the county in which the costs have been incurred . . ." (Italics supplied.)

The Act of October 9, 1967, P. L. 370, sec. 1, 17 PS §447.1, provides for the fees of clerks of Courts of Oyer and Terminer and Quarter Sessions in counties of the third to eighth classes. This act permits a charge for receiving and distributing money paid on support orders of 20 cents for each payment to be paid by the party ordered to pay such money to the office receiving the payment and making the distribution.

Apparently, the Legislature, in enacting the latter provision, had in mind only those support payments ordered by the court that were commenced by complaint, arrest, hearing, bail, etc., and did not encompass the civil support proceedings. In the Thirty-seventh Judicial District, consisting of Warren and Forest Counties, it has been the custom for a period in excess of 15 years that all support payments, whether initiated by criminal complaint or civil petition, have been handled and processed by the Domestic Relation Division and not through the clerk of the courts. Consequently, for a long period of time obligors have not been obliged to pay the 20 cents as provided or the percentage of the amount provided in the original act on each support payment.

The Act of July 13, 1953, P. L. 431, does not limit the cost and fees to be charged as enumerated therein but denotes those fees and costs that may be made without attempting to limit the jurisdiction of the court in imposing such a cost.

Likewise, under the Juvenile Division the court is permitted to make an order upon the parents or parent to contribute such sum for the support of a

child as it may determine and has the power to enforce any such support order in like manner as Courts of Quarter Sessions may enforce orders for support under the laws of this Commonwealth. In a like fashion, the court may impose liability upon parents for the support of their child in a foster home or in a youth center within the State.

Although the Civil Support Act and the Reciprocal Support Act are silent on this question, the legislature saw fit to impose a 20-cent charge on support payments if the same were processed through the Quarter Sessions Court.

We see no reason why this same payment should not be made if all payments are processed through the Domestic Relations Division, especially when the Court of Quarter Sessions is relieved of the burden of calculating and processing the support payment in this judicial district and, as a consequence thereof, the obligor is likewise relieved from any obligation to pay it.

For the foregoing reasons, the court makes the following:

## ORDER

And now, to wit, January 18, 1971, the court hereby orders the Domestic Relations Division of the Courts of the Thirty-seventh Judicial District to impose one charge for receiving and disbursing money paid on support orders of this court of 20 cents for each payment to be paid by the party ordered to pay such money. Further, the court, in imposing a support order, shall, in addition thereto, on each order, direct the obligor to pay a sum of 20 cents for each payment made in addition to the amount of support set by the court. All costs so collected shall be for the use of the respective counties.